UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER, | Case No. 1:22-cv-264-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(g) |
| v. | |
| JANET MEDA; JOVITA VILLANUEVA; V. PATEL; C. WILLIAMS, | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | ORDER TO ASSIGN A DISTRICT JUDGE |
| | (Doc. No. 2) |

Plaintiff Norris Dajon Miller, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff seeks leave to proceed *in forma pauperis* ("IFP motion"). (Doc. No. 2).

For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has at least three dismissals that constitute strikes and did not establish that he meets the imminent danger exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

**BACKGROUND AND FACTS**

Plaintiff initiated this action by delivering a civil rights complaint to correctional officials

for mailing on March 1, 2022. (Doc. No. 1). The complaint names as defendants Janet Meda, Jovita Villanueva, V. Patel, and C. Williams, who worked in the medical department at North Kern State Prison at the time of the events giving rise to Plaintiff's claim. *(Id.* at 1-2). The complaint alleges an Eight Amendment deliberate indifference claim stemming from defendants not timely refilling a prescribed skin cream for Plaintiff's eczema. (*Id.* at 3). Plaintiff complains that he requested a refill of the cream used to treat his eczema on February 25, 2020, but he did not receive a refill of the cream until April 2, 2020. (*Id.* at 3-4). Plaintiff claims that, due to the delay in receiving the cream, he suffered "permanent skin damage and al[l]igator skin" and experienced pain and suffering. (*Id.* at 7). As relief, Plaintiff seeks monetary damages in excess of one billion dollars for the permanent damage done to his skin and for his past pain and suffering. (*Id.* at 9).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the dismissal must have been before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity,

2

maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016). Dismissals based on prosecutorial immunity may count as a strike depending on whether the court dismissed for failure to state a claim or as frivolous based on prosecutorial immunity. *See Green v. CDCR*, No. 2:14-cv-2854-TLN-AC, 2018 WL 3089395 *3, n. 4 (E.D. Cal. June 22, 2018)(noting that prosecutorial immunity would support a strike if it was dismissed under qualifying reason under the PLRA)(citing *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.4d 1048 (9th Cir. 2016)); *Aldernman v. Pierce County Prosecutor's Office*, 2017 WL 3034642 *3-*4 (W.D. Wash. June 16, 2017)(reviewing whether prosecutorial immunity counts as a strike in the various circuit court of appeals, noting the Ninth Circuit has not yet ruled). Dismissals of complaint as time barred under the applicable statute of limitations counts as a strike. *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015). Further, where a court dismisses a complaint for failure to state claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order by filing an amended complaint constitutes a strike for purposes of § 1915(g). *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial

allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)). To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id*.

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have concluded the proper procedure is to outright dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *See Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-

320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court recently noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. By curbing the "flood of nonmeritorious claims," § 1915(g) provides the court with a mechanism to recognize a "three striker," deny IFP on that basis, require payment of the full filing fee, which absent being paid, the court may dismiss the case, thereby permitting time for consideration of suits more likely to succeed. *Lomax*, 140 S.Ct. at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (recognizing PLRA was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good.") (citations and internal quotations and alterations omitted).

## ANALYSIS

### A. Plaintiff Has Three or More Qualifying Strikes

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). A review of the Pacer Database reveals Plaintiff has filed at least 10 civil actions in a district court or appellate court of the United States and has had at least three cases dismissed that qualify as a strike under Ninth Circuit caselaw prior to filing this lawsuit. Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before the instant action was filed:

///

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| July 12, 2010 | *Miller v. People of the State of California,* Case No. 2:20-cv-05078-UA-DUTY (C.D. Cal. 2010) | Dismissed *sua sponte* as state and federal judges immune and complaint legally and patently frivolous |
| November 10, 2016 | *Miller v. Johnson*, Case No. 1:16-cv-727-JLT (E.D. Cal. 2016) | Order dismissing action as barred by the statute of limitations |
| July 24, 2017 | *Miller v. Serda*, Case No. 1:17-cv-692-JLT (E.D. Cal.) | Order dismissing action for failure to state a claim |
| May 3, 2018 | *Miller v. Morris*, Case No. 2:17-cv-2966-SJO-SS (C.D. Cal. 2018) | Order adopting Findings and Recommendations dismissing action for failure to state a claim based on prosecutorial immunity related to Plaintiff suing prosecutor from his criminal conviction |
| June 19, 2018 | *Miller v. Keenan*, Case No. 2:17-cv-2969-SJO-SS (C.D. Cal. 2018) | Order adopting Findings and Recommendations dismissing case for failure to state a claim based on prosecutorial immunity related to Plaintiff suing prosecutor from his criminal conviction |

Considering two of the five cases listed above involved suits against prosecutors and prosecutorial immunity, the undersigned must evaluate whether these prosecutorial immunity dismissals above count as strikes for purposes of § 1915(g). *Supra* at 3 (citing *Green v. CDCR*, No. 2:14-cv-2854-TLN-AC, 2018 WL 3089395 *3, n. 4 (E.D. Cal. June 22, 2018)(noting that prosecutorial immunity would support a strike if it was dismissed under qualifying reason under the PLRA)(citing *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.4d 1048 (9th Cir. 2016)); *Aldernman v. Pierce County Prosecutor's Office*, 2017 WL 3034642 *3-*4 (W.D. Wash. June 16, 2017)(reviewing whether prosecutorial immunity counts as a strike in the various circuit court of appeals, noting the Ninth Circuit has not yet ruled).

In *Miller v. Morris*, Plaintiff sued George Morris, the prosecutor who worked on his state criminal case during the month of May. *See* Case No. 2:17-cv-2966-SJO, C.D. Cal. May 3, 2018

6

1    (Doc. No. 11 at 5). Proceeding on his second amended complaint, Plaintiff pursued false arrest,

2    false imprisonment, and malicious prosecution claims. (*Id.* at 5). Citing § 1915A, the court

3    dismissed the action on all grounds, with prejudice, for failure to state a claim, noting any further

4    amendments would be futile. (*Id.* at 8, 16, 24). Because the court dismissed this claim for failure

5    to a state a claim, this case counts as a strike under § 1915(g). *Green v. CDCR*, No. 2:14-cv-

6    2854-TLN-AC, 2018 WL 3089395 *3, n. 4 (citations omitted); *Aldernman*, 2017 WL 3034642

7    *3-*4.

8          Turning to *Miller v. Keenan*, Plaintiff sued the Deputy District Attorney alleging false

9    arrest and false imprisonment. Case No. 2:17-cv-2969-SJO-SS, C.D. Cal., June 19, 2018 (Doc.

10   No. 1). Upon screening the magistrate judge found the complaint failed to state a claim and

11   directed Plaintiff to file an amended complaint. (*Id.*, Doc. No. 6). When Plaintiff failed to timely

12   comply, the magistrate judge issued a report and recommendation recommending the district

13   court dismiss the case for failure to prosecute or obey court orders under Federal Rule of Civil

14   Procedure 41(b), or alternatively, dismiss the complaint failed to state a claim and was barred by

15   absolute prosecutorial immunity and amendment of the complaint would be futile. (Doc. No. 12

16   at 2-3, 4-7, 8-13). After the report issued, Plaintiff filed an amended complaint. (Doc. No. 16).

17   The district court reviewed the amended complaint, found it failed to correct the deficiencies, the

18   sole named defendant was "immune," the amended complaint did not contain sufficient

19   allegations to overcome prosecutorial immunity, and dismissed the case without prejudice. (Doc.

20   No. 20). Thus, it appears that this case was dismissed solely on the basis of prosecutorial

21   immunity and arguably does not ring the strike bell.

22         Nonetheless, as evidenced by the above, Plaintiff has at least three other qualifying strikes

23   for purposes of § 1915(g).

24         **B.  The Imminent Danger Exception Does Not Apply**

25         Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the

26   complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical

27   injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th

28   Cir. 2007). Liberally construing the complaint, the undersigned find it contains no plausible

allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action.  Indeed, the complaint complains of events that occurred almost two years ago from an alleged delay in receiving cream to treat his eczema.  There are no allegations that from which the court can find any basis that Plaintiff is currently under threat of imminent physical danger to invoke the § 1915(g) exception.  Based on the foregoing, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

Based on the foregoing, the Court **RECOMMENDS**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED and he be ordered to pay the $402.00 filing fee because he qualifies as a three-striker under § 1915(g).

It is further **ORDERED** that the Clerk of Court is DIRECTED to randomly assign a United States District Judge for consideration of these Findings and Recommendations.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   March 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE