UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JANET MEDA; ET. AL.,<br><br>    Defendant. | Case No. 1:22-cv-00264-JLT-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 8) |

The magistrate judge issued findings and recommendations that Plaintiff's motion for leave to proceed *in forma pauperis* be denied because Plaintiff qualifies as a three-striker under 28 U.S.C. § 1915(g) and the complaint did not contain sufficient facts to allege imminent danger of serious physical injury. (Doc. 8 at 1-8.) The magistrate judge recommended that Plaintiff be ordered to pay the full filing fee or face dismissal of the action. (*Id.* at 8.) The findings and recommendations contained notice that any objections were due within fourteen days. (*Id.* at 1,8.) Plaintiff timely filed objections on April 4, 2022, consisting of 61-pages, attaching inmate grievances thereto. (Doc. 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Plaintiff objects, listing numerous, seemingly unrelated reasons to support a finding of imminent physical

injury. (Doc. 9 at 1-4). The reasons Plaintiff lists range from anticipating monetary damages from a civil lawsuit putting him at risk of retaliation to allegations of sexual assault in public by correctional officers on March 6, 2021. (*See id.*). Specifically, Plaintiff believes he is under imminent danger of serious physical injury because he is "about to win a $2 billion lawsuit" and correctional officers "keep threatening [his] life." (*Id.* at 1.) He states he is further in danger because he has "severe restrictive ventilatory defect." (*Id.* at 2, 59.) Elsewhere Plaintiff requests that the Court confirm with the United States District Court for the Eastern District of Arizona that he will soon be compensated $800,000.00 and as a result he is not safe in the prison. (*Id.* at 2-3.) None of these allegations relate to the allegations set forth in the Complaint concerning deliberate indifference to Plaintiff's medical condition when he was not provided cream to treat his eczema. (*See* Doc. 8 at 2 (citing Doc. 1 at 1-4)). Because there is no nexus between any imminent danger asserted and the claims alleged in the complaint, the imminent danger exception of § 1915(g) does not apply. *See Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Accordingly, the Court **ORDERS**:

    1. The Findings and Recommendations issued on March 24, 2022 (Doc. 8) are adopted in full.

    2. Plaintiff's motion to proceed *in forma pauperis* is DENIED.

    3. Plaintiff shall pay the $402.00 filing fee within 30 days of the date of this order, or this matter will be summarily dismissed.

IT IS SO ORDERED.

Dated:   **April 25, 2022**

UNITED STATES DISTRICT JUDGE